# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

WALTER R. WENGOROVIUS,

        Petitioner,

v.
                                Case Number: 09-CV-13228
                                Honorable Patrick J. Duggan

DEBRA SCUTT,

        Respondent.

_____/

## OPINION AND ORDER
## GRANTING PETITIONER'S MOTION TO STAY PETITION, STAYING CASE
## WITH CONDITIONS, AND DIRECTING THE CLERK TO CLOSE THIS CASE
## FOR ADMINISTRATIVE PURPOSES

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 1, 2009.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
UNITED STATES DISTRICT COURT JUDGE

### I.  Introduction

Petitioner Walter R. Wengorovius, currently confined at the Carson City Correctional Facility in Carson City, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. On March 9, 1999, Petitioner pleaded guilty to second-degree murder, and was sentenced on April 7, 1999, to sixteen- to fifty-years imprisonment.  At sentencing, Petitioner maintained that he was not in his right frame of mind when the killing occurred.  According to Petitioner's brief, following sentencing, he filed a notice of appeal and a request for

appointed counsel.  The trial court approved his request for counsel.  However, for reasons unknown, the trial court, acting on a letter from Petitioner, canceled the appointment of counsel.  Petitioner never filed an appeal.

Rather, several years later, Petitioner filed a motion for relief from judgment with the trial court, raising the following claims: (1) his guilty plea was not knowingly, intelligently and voluntarily made; (2) his mental, emotional, and hearing disabilities provided good cause for his failure to seek an appeal; (3) the trial court erred in failing to appoint an interpreter for him; and (4) he was denied his right to a fair trial because the trial court failed to accommodate his hearing disability.  Petitioner's post-conviction motion was denied on May 27, 2008.  *People v. Wengorovius*, No. 98-01236 (Kent County Circuit Court, May 27, 2008).

Subsequently, Petitioner filed applications for leave to appeal that decision to both state appellate courts, which were also denied.  *People v. Wengorovius*, No. 286686 (Mich.Ct.App. Aug. 21, 2008); *People v. Wengorovius*, 482 Mich. 1187, 758 N.W.2d 565 (Dec. 30, 2008).

Presently, along with his habeas petition, Petitioner filed a motion to stay the proceedings so that he can return to state court to exhaust the following additional claims: (1) he was a denied counsel at critical stages of the proceedings, and (2) he is actually innocent.  Because Petitioner has failed to exhaust his state court remedies for those claims, the Court shall hold the petition in abeyance, with conditions, so that he may return to state court to exhaust those claims.

## II.  Discussion

2

A federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("*Habeas corpus* relief is available only if the applicant first exhausts remedies available in state court."). Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732 (1999) ( "[S]tate prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[ ] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416, 125 S. Ct. 1807, 1813 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 1531 (2005)). Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000). In *Rhines*, the United States Supreme Court stated that a district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible with AEDPA's [Antiterroism and Effective Death Penalty Act] purposes." *Rhines*, 544 U.S. at 276, 125 S. Ct. at 1534. The *Rhines* Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state court judgments." *Id.* (quotations omitted).

In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of [*Rose v.*] *Lundy's* 'simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court.'" *Id.*, 544 U.S. at 276-77, 125 S. Ct. at 1534 (quoting *Rose v. Lundy*, 455 U.S. 509, 520, 102 S. Ct. 1198, 1204 (1982)). The *Rhines* Court went on to state:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Rhines*, 544 U.S. at 277, 125 S. Ct. at 1534-35.

The *Rhines* Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78, 125 S. Ct. 1535. "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278, 125 S. Ct. at 1535.

4

Applying the *Rhines* Court's analysis to this case, first, the issue is whether Petitioner has demonstrated good cause for his failure to exhaust his claims in state court. Petitioner asserts good cause based on counsel's alleged ineffectiveness combined with his hearing, mental, and emotional disabilities. There is a split of authority, as well as a split within this district, regarding the question of whether the claim of ineffective assistance of post-conviction counsel qualifies as good cause to permit a stay of the federal proceedings. In at least five instances, the bench in this district has found that such counsel's alleged ineffective assistance for failing to raise a claim on a habeas petitioner's post-conviction appeal constituted "good cause" and warranted holding the petition in abeyance pending the petitioner's return to the state courts. *See Wright v. Trombley*, No. 07-CV-10965, 2007 WL 4181316, at *2-3 (E.D. Mich. Nov. 27, 2007); *Lanton v. Lafler*, No. 06-CV-11103, 2007 WL 2780552, at *2 (E.D.Mich. Sept. 24, 2007); *Iscaro v. Trombley*, No. 06-CV-11269, 2006 WL 1064218, at *3 (E.D. Mich. Apr. 21, 2006); *Boyd v. Jones*, No. 05-CV-73792, 2005 WL 2656639, at *4 (E.D. Mich. Oct. 14, 2005); *Martin v. Warren*, No. 05-CV-71849, 2005 WL 2173365, at *2 (E.D. Mich. Sept. 2, 2005). Case law also provides that "good cause" is not demonstrated in a stay and abeyance analysis when the petitioner blames the post-conviction attorney for non-exhaustion because "[a post-conviction] attorney need not raise every non-frivolous argument requested by the client . . . and it is difficult to demonstrate that [a post-conviction] attorney's performance was deficient where the attorney presents one argument on appeal rather than another." *Hubbert v. Renico*, No. 04-CV-71018, 2005 WL 2173612, at *3-4 (E.D. Mich. Sept. 7, 2005).

5

Here, the Court finds that there is no indication that Petitioner is engaging in intentional delay or abusive litigation tactics in requesting a stay.  Furthermore, upon an initial review of the substance of the unexhausted issues, it does not appear that Petitioner's unexhausted claims are "plainly meritless."  Finally, even though Petitioner does not elaborate upon his counsel's alleged ineffectiveness in failing to raise the unexhausted claims at issue or any other "good cause" arguments, this Court is satisfied that the claim of ineffective assistance of counsel itself in conjunction with Petitioner's post-conviction actions, his alleged disabilities, and the substance of the unexhausted issues that Petitioner has shown "good cause" to justify the issuance of a stay in these proceedings.  For these reasons, the Court finds that Petitioner's basis for issuance of a stay comes within the realm of "good cause" under *Rhines*.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Stay is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner may file a post-conviction motion for relief from judgment with the appropriate state court within sixty (60) days of receipt of this Court's Order.  If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

**IT IS FURTHER ORDERED** that if the Petitioner files a motion for relief from judgment, he shall notify this Court, referencing this case number, that such motion papers have been filed in state court.

**IT IS FURTHER ORDERED** that this case shall then be **HELD IN ABEYANCE**

6

pending Petitioner's exhaustion of his state court remedies provided that Petitioner returns to this Court within sixty (60) days of exhausting his state court remedies and files, in the above-captioned case, a motion to lift the stay and file an amended petition adding the exhausted claims.

**IT IS FURTHER ORDERED** that if the Petitioner files an amended petition, the Respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within forty-five (45) days thereafter.

**IT IS FURTHER ORDERED** that the Clerk of the Court **CLOSE** this case for statistical purposes only, and upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case.

**SO ORDERED.**

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copy to:
Walter Wengorovius, 285619
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201

7