**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WALTER R. WENGOROVIUS, # 285619,

        Petitioner,

v.                                            Case Number: 09-cv-13228
                                                 Honorable Patrick J. Duggan

DEBRA SCUTT,

        Respondent.
_____/

**OPINION AND ORDER
GRANTING MOTION TO REOPEN HABEAS PROCEEDINGS,
GRANTING REQUEST TO AMEND PETITION, DIRECTING SERVICE UPON
RESPONDENT, AND SETTING DEADLINES FOR RESPONSIVE PLEADINGS**

Walter R. Wengorovius ("Petitioner"), a state prisoner currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his guilty-plea conviction for second-degree murder, Michigan Compiled Laws § 750.317. When Petitioner filed his habeas petition, he also filed a Motion to Stay. Petitioner sought to return to state court to exhaust claims that he was a denied counsel at critical stages of the proceedings, and that he is actually innocent. This Court granted the stay so that Petitioner could return to state court to exhaust those claims. In its order, the Court directed that the petition would be stayed, provided that Petitioner: (1) presented his claims in state court within sixty days of the Court's order staying the petition; and (2) asked the Court to lift the stay within sixty days of exhausting his state-court remedies.

Before the Court is Petitioner's request to remove the stay, reopen his habeas proceedings, and amend his petition to incorporate the exhausted claims. For the reasons stated below, the Court grants Petitioner's request to reopen his habeas proceedings, and deems the attached amended petition as properly filed. The Court further orders that the Clerk of the Court serve a copy of the amended petition upon Respondent and the Michigan Attorney General's Office by first-class mail. The Court further orders Respondent to file a responsive pleading to the amended petition and any additional Rule 5 materials within forty-five days of this order.

## I. Procedural Background

In his pleadings, Petitioner states that he has exhausted his state-court remedies through collateral review in state court. Petitioner filed a motion for relief for judgment pursuant to Michigan Court Rule 6.500, which was denied on December 9, 2009. *People v. Wengorovius*, No. 98-001236-FC (Kent County Circuit Court, Dec. 9, 2009).

Petitioner then filed a delayed application for leave to appeal the denial of his motion for relief from judgment in the Michigan Court of Appeals, which the Court of Appeals denied on March 8, 2010. *People v. Wengorovius*, No. 295846 (Mich. Ct. App. Mar. 8, 2010). Petitioner then filed an application for leave to appeal that decision in the Michigan Supreme Court. The Michigan Supreme Court denied leave on September 9, 2010. *People v. Wengorovius*, 787 N.W.2d 504 (Mich. 2010). The Court therefore finds that Petitioner has exhausted his state-court remedies.

## II. Discussion

The Court finds that Petitioner has complied with the Court's order. He has returned to this Court to request that the stay be lifted within sixty days, as was required.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. *See Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); *Parisi v. Cooper*, 961 F. Supp. 1247, 1249 (N.D. Ill. 1997). Because Petitioner alleges that his claims have been exhausted in the state courts, his petition is now ripe for consideration. Accordingly, the Court orders that the habeas proceedings be reopened.

Petitioner also attached an amended habeas petition to his motion. The Court construes his amended petition as a motion to amend. Courts have discretion in granting leave to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)).

The Court will permit Petitioner to amend his petition, because there is neither any indication that allowing the amendment would cause any delay to this Court, nor any evidence of bad faith on Petitioner's part in bringing the motion. The Court also finds that there is no prejudice to Respondent if the motion is granted. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994).

The Court also orders that the Clerk of the Court serve a copy of the amended petition and a copy of this Opinion and Order on Respondent and on the Attorney General

3

for the State of Michigan by first-class mail, as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry*, No. 04-71209, 2005 WL 1861943, at *2 (E.D. Mich. Aug. 2, 2005).

The Court further orders Respondent to file a response to the amended petition within forty-five days from the date of this Opinion and Order. "A habeas petitioner who challenges the legality of his state custody is entitled to reasonably prompt disposition of his petition." *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to Petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. Respondent is also directed to provide this Court with any additional Rule 5 materials at the time that she files her answer. The habeas corpus rules require that respondents attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may order on its own motion or upon the petitioner's request that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Petitioner's request to remove the stay and reopen the case is **GRANTED**, and the Clerk of Court is directed to **REOPEN** this matter;

**IT IS FURTHER ORDERED** that the motion to amend the petition is **GRANTED** and Petitioner's amended petition is deemed as timely filed;

4

**IT IS FURTHER ORDERED** that the Clerk of the Court serve a copy of the amended petition and a copy of this Opinion and Order on Respondent and the Attorney General by first-class mail;

**IT IS FURTHER ORDERED** that Respondent file an answer to the allegations of the petition and any additional Rule 5 materials in accordance with Rule 5 of the Rules Governing Section 2254 Cases within forty-five days from the date of this Opinion and Order.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

DATED: November 17, 2010

Copies To:

Walter R. Wengorovius, #285619
3500 N. Elm Road
Jackson, MI 49201