UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER WENGOROVIUS,

                Petitioner,

                                    Case No. 09-13228

v.

                                      Honorable Patrick J. Duggan

DEBRA SCUTT,

                Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Walter Wengorovius ("Petitioner"), a state prisoner currently incarcerated at the Charles Egeler Reception and Guidance Center in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his guilty-plea conviction for second-degree murder. Debra Scutt ("Respondent"), through counsel, filed a motion for summary judgment, arguing that the petition is barred by the statute of limitations. In his response to Respondent's motion, Petitioner asserts that he should be entitled to equitable tolling because of his age, his impaired hearing, his mental status at the time of the murder, and because he is actually innocent of the crime charged. For the reasons stated below, the Court concludes that the petition is untimely and grants Respondent's motion for summary judgment. The Court also declines to issue Petitioner a certificate of appealability.

## I. Background

This case arises from the murder of Joyce Case on August 27, 1997, in Grand Rapids, Michigan.  Ms. Case was beaten with a pipe and stabbed several times inside Petitioner's home.  Police officers were dispatched to the home after a 911 call from Petitioner's brother.  Petitioner had called his brother indicating that he was contemplating suicide.  When the police arrived, they found Ms. Case on the dining room floor covered in blood.  Petitioner was found in the bathroom, also covered in blood.  Petitioner had a relationship with the victim for approximately three months.  The record indicates that it was a tumultuous relationship.  Petitioner was referred for three different psychological evaluations to determine his criminal responsibility, and defense counsel filed a notice of insanity defense on September 22, 1998.

Following the preliminary examination, defense counsel entered into plea negotiations with the prosecutor's office.  A plea agreement was signed, and on March 9, 1999, Petitioner pleaded guilty to one count of second-degree murder in the Kent County Circuit Court.  The following colloquy took place at the plea hearing:

> THE COURT:  You've heard the prosecutor read Count Two of the information.  Count Two charges you with what is known in the law as second-degree murder.
>         Do you understand that?
>
> [PETITIONER]:  Yes.
>
> THE COURT:  If you plead guilty to that offense or if you're found guilty of that offense, the maximum sentence you could receive would be any term of years up to a maximum of life in prison.
>         Do you understand that?

2

[PETITIONER]:     Yes.

* * *

THE COURT:  The record should reflect there is a written plea agreement signed by Mr. Floyd and Mr. Clapp.  The Court is aware of it and the Court will make it part of the court record.

      If you plead guilty here today, Mr. Wengorovius, you're going to give up your rights to a trial.  By giving up your rights to a trial, there are certain very specific rights you'll be giving up.  I'm going to go over those rights with you one by one and ask you to listen very carefully, because when I get all done I'm going to ask you, first of all, if you understand your rights, and secondly, if you understand that a guilty plea will waive those rights.

      If at any time you don't understand anything I'm saying to you or if at any time you can't hear what I'm saying to you, please stop me and let me know.

      Do you understand?

[PETITIONER]:  All right.

THE COURT:  You have a right to be tried by a jury.

      To be tried by the judge alone without a jury if you and the judge and the prosecutor agree.

      To be presumed innocent until you are proven guilty.

      To have the prosecutor prove your guilt beyond a reasonable doubt.

      To have the witnesses against you appear in person at a trial.

      To question those witnesses who appear against you at a trial.

      You can call witnesses who will testify for you and ask the Court to order your witnesses to come to court, if necessary.

      At trial you can remain silent, and that silence cannot be used against you in any way, or you can if you choose to do so at trial take the witness stand and testify in your own behalf.

      Do you understand each and every one of those rights?

[PETITIONER]:  Yes.

THE COURT:  Do you understand that by pleading guilty here today you're giving up each and every one of those rights?

[PETITIONER]:  Yes.

3

THE COURT:  By pleading guilty here today, you're also giving up any claim that this plea's the result of any promises or threats that are to [be] placed on the record right now during this plea proceeding; you'll be giving up any claim that this plea was not freely and voluntarily entered into by you here today; and any appeal from your sentence and conviction in this case will be by application for leave to appeal, and will not be an appeal as of right.

        Do you understand that?

* * *

[PETITIONER]:  I understand it, but I'm not happy with it.

* * *

THE COURT:  Do you understand it?

[PETITIONER]:  Yeah.

Plea Hr'g Tr. 4-7, Mar. 9, 1999.  The trial judge then accepted Petitioner's guilty plea.  *Id.* at 10.

        On April 7, 1999, Petitioner was sentenced to sixteen to fifty years in prison.  The state appellate court's website does not indicate that Petitioner filed an application for leave to appeal his guilty-plea conviction, although he contends that he filed a notice of appeal and requested counsel.  The docket sheets in this matter do not reflect that contention.  In his habeas pleadings, Petitioner concedes that he did not file an appeal because he was denied an "appeal of right due to Michigan's scheme of not allowing [] rights where the conviction was obtained by guilty plea."  Amended Pet. 2.

        Nearly nine years after his sentencing, on January 30, 2008, Petitioner filed a motion for relief from judgment in the state trial court, which was denied on May 27,

4

2008. *People v. Wengorovius*, No. 98-01236-FC (Kent Cnty. Cir. Ct. May 27, 2008).

On July 17, 2008, Petitioner filed a delayed application for leave to appeal the trial court's denial of his motion for relief from judgment with the Michigan Court of Appeals. The Court of Appeals denied this application on August 21, 2008, "because defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Wengorovius*, No. 286686 (Mich. Ct. App. Aug. 21, 2008). The Michigan Supreme Court denied his application for leave to appeal on December 30, 2008, for the same reason. *People v. Wengorovius*, 482 Mich. 1187, 758 N.W.2d 565 (Mich. 2008).

On August 17, 2009, Petitioner filed this habeas petition, dated August 5, 2009. At that time, he also requested that the Court stay the proceedings because he wished to file a second motion for relief from judgment on the grounds that his counsel was ineffective, that he was actually innocent of the crime charged, and that the trial court lacked jurisdiction to convict him. On September 1, 2009, the Court granted his request and stayed the proceedings. *Wengorovius v. Scutt*, No. 09-13228, 2009 U.S. Dist. LEXIS 78734 (E.D. Mich. Sept. 1, 2009).

Petitioner filed a second motion for relief from judgment with the trial court on September 29, 2009 pursuant to Michigan Court Rules 6.508(G)(2) and 6.508(D)(2), arguing that his motion was based on newly discovered evidence and a retroactive change in the law. The trial court disagreed and denied the motion on December 9, 2009. *People v. Wengorovius*, No. 98-001236-FC (Kent Cnty. Cir. Ct. Dec. 9, 2009).

On January 6, 2010, Petitioner filed a delayed application for leave to appeal the

5

trial court's decision with the Michigan Court of Appeals, which was denied on March 8, 2010. *People v. Wengorovius*, No. 295846 (Mich. Ct. App. Mar. 8, 2010). On September 9, 2010, the Michigan Supreme Court denied Petitioner's application for leave to appeal, finding that "defendant's motion for relief from judgment is prohibited by MCR 6.508(G)." *People v. Wengorovius*, 488 Mich. 853, 787 N.W.2d 504 (Mich. 2010).

On September 20, 2010, Petitioner moved to reopen these proceedings and amend his habeas petition. The Court granted this motion. *Wengorovius v. Scutt*, No. 09-13228, 2010 U.S. Dist. LEXIS 121842 (E.D. Mich. Nov. 17, 2010). The amended petition was signed and dated September 15, 2010. In his pleadings, Petitioner argues that: (1) he was denied counsel at critical stages of the proceedings; (2) he was unable to form the necessary specific intent to commit the crime due to his hearing impairment and mental status; (3) the statute under which he was convicted is unconstitutional; (4) his counsel was ineffective, and thus, his plea was involuntarily made; and (5) the trial court erred in failing to accommodate his hearing disability.

## II. Discussion

### A. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52,

6

106 S. Ct. 2505, 2512 (1986).  After adequate time for discovery and upon motion, Rule

56 mandates summary judgment against a party who fails to establish the existence of an

element essential to that party's case and on which that party bears the burden of proof at

trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

   The movant has an initial burden of showing "the absence of a genuine issue of

material fact."  *Id.* at 323, 106 S. Ct. at 2553.  Once the movant meets this burden, the

non-movant must come forward with specific facts showing that there is a genuine issue

for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct.

1348, 1356 (1986).  To demonstrate a genuine issue, the non-movant must present

sufficient evidence upon which a jury could reasonably find for the non-movant; a

"scintilla of evidence" is insufficient.  *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512.

The court must accept as true the non-movant's evidence and draw "all justifiable

inferences" in the non-movant's favor.  *Id.* at 255, 106 S. Ct. at 2513.  "A party asserting

that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to

particular parts of materials in the record . . . or (B) showing that the materials cited do

not establish the absence or presence of a genuine dispute, or that an adverse party cannot

produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

   Rule 56 applies to habeas proceedings.  *See* Rule 12 of the Rules Governing §

2254 Cases; *Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000).

**B.  Statute of Limitations**

   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to

all habeas petitions filed after April 24, 1996, and imposes a one-year limitations period.

28 U.S.C. § 2244(d)(1); *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007).

Petitioner's application for habeas-corpus relief was filed after April 24, 1996, and thus

the provisions of the AEDPA, including the limitations period for filing an application for

habeas-corpus relief, apply to his application. *Lindh v. Murphy*, 521 U.S. 320, 336, 117

S. Ct. 2059, 2068 (1997). The AEDPA's statute of limitations provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Generally, the limitations period does not begin to run until the ninety-day time

limit for filing a petition for a writ of certiorari in the United States Supreme Court has

expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000); Sup. Ct. R. 13. In this

8

case, however, Petitioner is not entitled to have the ninety-day time period for seeking a writ of certiorari added to the calculation of the limitations period, because his failure to file timely applications for leave to appeal to the state appellate courts divested the United States Supreme Court of jurisdiction to grant a writ of certiorari. *See Eisermann v. Penarosa*, 33 F. Supp. 2d 1269, 1272-73 n.5 (D. Haw. 1999) (citing *Flynt v. Ohio*, 451 U.S. 619, 101 S. Ct. 1958 (1981); *Street v. New York*, 394 U.S. 576, 89 S. Ct. 1354 (1969)). Petitioner was sentenced on April 7, 1999. He did not file an application for leave to appeal his guilty plea. Under Michigan Court Rule 7.205(F)(3), Petitioner had twelve months from the entry of judgment of sentence to file a delayed application for leave to appeal.[1] Thus, his conviction became final twelve months later, on April 7, 2000. *See Jagodka v. Lafler*, 148 F. App'x 345, 346 (6th Cir. 2005) (per curiam). Pursuant to § 2244(d), Petitioner then had one year to file his habeas corpus petition or to properly file a post-conviction motion with the state trial court, which would toll the AEDPA's one-year limitations period. Petitioner did not file the pending application for habeas relief until August 5, 2009. A habeas petition filed outside the prescribed time period must be dismissed. *Neal v. Bock*, 137 F. Supp. 2d 879, 885 (E.D. Mich. 2001). Thus, the petition is time-barred, absent tolling.

## C. Tolling

The AEDPA's statute of limitations is subject to both statutory and equitable

---

[1] This Rule has been subsequently amended to require such applications to be filed within six months from the entry of judgment.

9

tolling.  Pursuant to § 2244(d)(2), the statute of limitations is tolled while a properly filed

application for state post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending.  A post-conviction relief petition is "properly

filed" under the statute if it meets the applicable state rules governing filing.  *Artuz v.*

*Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000).  Tolling is effective, however, only

when collateral review is properly sought within the limitations period.  *See id.* at 8, 121

S. Ct. at 363-64.  A post-conviction motion that is filed following the expiration of the

limitations period cannot toll that period because there is no period remaining to be tolled.

*Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002).  Petitioner filed a motion for

relief from judgment in January 2008, but the limitations period had already expired by

that time.   The state court's denial of Petitioner's application for post-conviction relief

did not start a new limitations period.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir.

2003).  Consequently, the tolling available under § 2244(d)(2) does not benefit Petitioner.

The habeas statute of limitations "is subject to equitable tolling in appropriate

cases."  *Holland v. Florida*, --- U.S. ----, 130 S. Ct. 2549, 2560 (2010).  The petitioner

must show "'(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* (quoting

*Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)).  The decision

must be made on a case-by-case basis, taking into account specific circumstances that

might warrant relief.  *Id.*

Petitioner has failed to establish diligent pursuit of his rights.  He does not assert

10

that the State created an impediment to filing his habeas petition or that his claims are

based upon newly-created rights which would warrant habeas relief. Rather, Petitioner

claims that he was denied an "appeal of right due to Michigan's scheme of not allowing []

rights where the conviction was obtained by guilty plea." Amended Pet. 2. Under

Michigan law in effect at the time of Petitioner's conviction, defendants who pleaded

nolo contendere or guilty generally were not appointed appellate counsel for review of the

conviction or sentence. Michigan Compiled Laws § 770.3(a)(2). Although Petitioner

claims that he requested and was appointed counsel, the record does not reflect such a

request. Rather, it appears that counsel was not provided to Petitioner.[2] Petitioner cannot

demonstrate that he pursued his rights diligently, given that he was sentenced in 1999 and

did not file his motion for relief from judgment until 2008, almost nine years later. The

fact that Petitioner may be untrained in the law, may have been proceeding without a

lawyer, or may have been unaware of the statute of limitations for a period of time does

not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Holloway v.

Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001).

   Petitioner indicates that hearing and mental disabilities prevented him from filing

---

[2] To the extent Petitioner relies on *Halbert v. Michigan*, 545 U.S. 605, 125 S. Ct. 2582
(2005), for the proposition that he was entitled to counsel on appeal, his claim lacks merit.
In *Halbert*, the Supreme Court held that the "Due Process and Equal Protection Clauses
require the appointment of counsel for defendants, convicted on their pleas, who seek
access to first-tier review in the Michigan Court of Appeals." *Id.* at 610. *Halbert*,
however, is not retroactive to cases on collateral review. *Simmons v. Kapture*, 516 F.3d
450, 451 (6th Cir. 2008) (en banc).

his post-conviction appeals and motions in a timely manner.  "'Illness - mental or physical - tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period.'"  *Plummer v. Warren*, No. 10-2253, 2012 U.S. App. LEXIS 3294 (6th Cir. Feb. 16, 2012) (quoting *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005)).  Petitioner has not explained how his hearing disability prevented him from seeking post-conviction relief.  Nor has he shown that his allegedly diminished mental capacity prevented him from pursuing his legal rights.  Petitioner bears the burden of establishing that he is entitled to equitable tolling, *Holland*, 130 S. Ct. at 2562, and the Court concludes that he has failed to carry that burden.

Although the statute of limitations can be equitably tolled for a credible claim of actual innocence, *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005), a petitioner must support his claim of innocence with "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 865 (1995).  The petitioner must show that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id.* at 329, 115 S. Ct. at 868.  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998).  Petitioner has neither identified new evidence nor made a credible showing of actual innocence.  He merely repeats his claims that his trial counsel was ineffective, that his plea was involuntary on the basis that he could not hear or understand the plea, and

12

that his mental status prevented him from forming the necessary specific intent to commit the murder. The Court finds no grounds justifying equitable tolling of the limitation period. Petitioner's habeas petition must be dismissed as untimely.

### III. Conclusion

The Court has concluded that the petition must be dismissed. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* at 484, 120 S. Ct. at 1604. Reasonable jurists would not debate the correctness of the Court's procedural ruling that the petition is barred by the statute of limitations. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The Court therefore declines to issue Petitioner a certificate of appealability.

Accordingly,

13

**IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED**, and the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Petitioner a certificate of appealability.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Dated: March 20, 2012

Copies to:

Walter Wengorovius, # 285619
Charles Egeler Reception and Guidance Center
3855 Cooper Street
Jackson, MI 49201-7547

Linus R. Banghart-Linn, A.A.G.